UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JAMIE FANCHER**                                                                              **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:24-CV-P656-GNS**

**WARDEN RAVONNE SIMS, *et al*.**                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a counseled prisoner civil action. This matter is before the Court upon two motions filed by Defendant Warden Ravonne Sims – a motion for screening of the complaint pursuant to 28 U.S.C. § 1915A (DN 5) and a motion for an extension of time to file an answer (DN 7). Upon consideration, **IT IS ORDERED** that Plaintiff's motion for screening (DN 5) is **GRANTED**.

**I.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**II.**

In the complaint, Plaintiff Jamie Fancher states that he was previously incarcerated as a convicted prisoner at Roederer Correctional Complex (RCC). He sues RCC Warden Sims in her official capacity only and former RCC Correctional Officer Harris in his individual capacity only.

Plaintiff alleges that on September 24, 2024, while he was showering at RCC, he stated that the water pressure was low and the water temperature was not warm. He alleges that Defendant Harris then retrieved water from a hot water thermos dispenser used to cook food and threw that water on Plaintiff while he was showering which caused Plaintiff to suffer first-degree and second-degree burns. Plaintiff alleges that Defendant Harris was terminated as a result of this incident.

Based upon these allegations, Plaintiff sues Defendant Harris for cruel and unusual punishment under the Eighth Amendment and for battery, negligence, and gross negligence under Kentucky state law. Plaintiff brings a state-law claim for negligent training and supervision against Defendant Sims in her official capacity only.

As relief, Plaintiff seeks damages.

### III.

#### A. Defendant Harris

Upon consideration, <u>the Court will allow Plaintiff's claims against Defendant Harris to proceed</u>. In allowing these claims to proceed, the Court makes no judgment upon their merits or upon the ultimate outcome of this action.

#### B. Defendant Sims

As stated above, Plaintiff sues Defendant Sims in her official capacity only for the state-law tort of negligent training and supervision. Another court in this district summarized the Kentucky law pertinent to this claim as follows:

> Under Kentucky law, agencies of the state possess governmental immunity from suit when an action is premised on the agency's performance of a governmental (as opposed to a proprietary) function. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (noting that governmental immunity and sovereign immunity are used interchangeably by Kentucky courts). . . .

2

> Moreover, under Kentucky law, governmental immunity extends to employees acting and sued in their official capacities. *Yanero*, at 521-22; *Autry v. Western Kentucky Univ.*, 219 S.W.3d 713, 717 (Ky. 2007) ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."). When an officer or employee of a governmental agency is sued in his representative (*i.e.*, official) capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. *See Yanero*, at 521-22.

*Young v. Hicks*, No. 5:19-CV-200-TBR, 2021 U.S. Dist. LEXIS 163637, at *52-53 (W.D. Ky. Aug. 30, 2021).

As the RCC Warden, Defendant Sims is an employee of the Kentucky Department of Corrections (KDOC), which is an agency within the Justice and Public Safety Cabinet. The Kentucky Court of Appeals has held that KDOC is a state agency entitled to governmental immunity. *See Goben v. Cookie Crews Comm'r*, No. 2023-CA-1276-MR, 2025 Ky. App. Unpub. LEXIS 47, at *3-4 (Ky. Ct. App. Jan. 24, 2025) (citing *Barnard v. Ky. Dep't of Corr.*, No. 2007-CA-002001-MR, 2009 Ky. App. Unpub. LEXIS 117, at *6 (Ky. App. Apr. 10, 2009)). Indeed, in *Barnard*, the court held, "The Department is funded by the Commonwealth and performs the state function of dealing with criminals. Therefore, the Department is entitled to governmental immunity and is not subject to Barnard's suit for damages." *Id*. at *6.

Thus, because Defendant Sims is employed by the KDOC, KDOC's governmental immunity extends to Plaintiff's official-capacity, state-law claim against her. As such, Plaintiff's claim against Defendant Sims must be dismissed.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claim against Defendant Sims is **DISMISSED** pursuant to § 1915A(b)(2) for seeking damages from a defendant immune from such relief.

Because no claims remain against her, **IT IS FURTHER ORDERED** that Defendant Sims's motion for an extension of time to file an answer (DN 7) is **DENIED as moot**.

In addition, because no claims remain against her, the **Clerk of Court** is **DIRECTED** to **terminate Defendant Sims as a party to this action**.

Date: February 11, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc:   Counsel of Record
4416.011